IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH DEPARTMENT OF FMAILY AND PREVENTATIVE MEDICINE, a public university; OSMAN SANYER, an individual; and DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION - REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS AND DENY PARTIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT**<br><br>Case No. 2:06-cv-00981 DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

Plaintiff Christopher Robinson (Robinson) claims that Defendants have deprived him of his rights secured by the Americans With Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("Rehab Act").[1]

Plaintiff concedes that Defendant's Motion to Dismiss should be granted as to the First, Second, and Fourth Causes of Action contained in Plaintiff's First Amended Complaint.[2] However, Plaintiff asserts that First Amended Complaint was properly filed under Fed.R.Civ.P. Rule 15(a), 28 U.S.C.A.[3] Furthermore, Plaintiff alleges Defendants' Motion to dismiss Osman Sanyer (Sanyer) as a defendant should be denied until such time as discovery can be conducted, thus, allowing this case to move forward against all defendants on the remaining cause of action in Plaintiff's First Amended Complaint.[4]

---

[1] Amended Complaint at 1, docket no. 16, filed April 23, 2007.
[2] *Id.*
[3] Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss and Partial Motion to Strike First Amended Complaint at 2, docket no. 19, filed May 21, 2007.
[4] *Id.* at 3.

### I. Partial Motion to Strike First Amended Complaint.

Procedural History

In his pro se Complaint filed late in 2006, Plaintiff claimed that Defendants discriminated against him for having a disability.[5]  On, March 13, 2007, Michelle Swift filed a Notice of Appearance on behalf of Plaintiff.[6]  Defendants filed a Motion for Extension of Time to File Answer and Motion was granted, extending the answer deadline to April 17, 2007.[7]  Defendants then filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction in conjunction with a Memorandum in support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.[8]  Next, Plaintiff's attorney filed an Amended Complaint adding a claim that Defendants failed to provide reasonable accommodation for his disability.[9]  Defendants then filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction and Partial Motion to Strike First Amended Complaint.[10]

Was the First Amended Complaint Properly Filed?

A Party is entitled to amend a pleading once as a matter of course before a responsive pleading is filed.[11]  A "responsive pleading" includes an answer to a claim for relief asserted in an original complaint, a cross-complaint, or a third-party complaint; a reply to a counterclaim;

---

[5] Complaint at 9, docket no.1, filed November 27, 2006.
[6] Plaintiff's Notice of Appearance, docket no. 3, filed March 13, 2007.
[7] Defendant's Motion for Extension of Time to File Answer, docket no. 4, filed March 23, 2007, and Order granting Motion for Extension of Time to File Answer, docket no. 6, filed March 23, 2007.
[8] Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, docket no. 12, filed April 17, 2007, and Defendants' Memorandum in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, docket no. 13, filed April 17, 2007.
[9] Amended Complaint at 13, docket no. 16, filed April 23, 2007.
[10] Defendants' Motion to Dismiss and Partial Motion to Strike First Amended Complaint, docket no. 17, filed May 7, 2007, and Defendants' Memorandum in Support of Defendants' Motion to Dismiss and Partial Motion to Strike First Amended Complaint, docket no. 18.
[11] Fed.R.Civ.P. Rule 15(a)

and any other reply ordered by the district court under FRCP 7(a).[12]  Thus, a Motion to Dismiss is not a responsive pleading.[13]  The filing of a motion to dismiss does not preclude a party from amending a pleading as a matter of course.[14]  Plaintiff was entitled to file the Amended Complaint because it was the first amendment and it was filed prior to a responsive pleading.

**II. Defendants' Motion to Dismiss.**

Plaintiff concedes that the court should dismiss the First, Second, and Fourth Causes of Action in Plaintiff's First Amended Complaint.[15]

Dismissal of Sanyer

However, Plaintiff contends that the Third Cause of Action should not be dismissed against Defendant Sanyer because Plaintiff may be able to prove through discovery that Sanyer is an intended beneficiary of federal funds.  This, Plaintiff says, may make Sanyer liable as an individual under the Rehab Act.[16]

The Rehab Act states that no individual with a qualified disability shall be excluded from participation in program[s] or activit[ies] that receive federal financial assistance based solely on her or his disability.[17]  Under the Rehab Act, "program or activity" may include departments of governments, universities, and "an entire corporation, partnership, or other private organization, or an entire sole proprietorship."[18]  Therefore, according to the Tenth Circuit in *Shrader,* a case

---

[12] Wright & Miller Federal Practice & Procedure, 5B Fed. Prac. & Proc. Civ.3d § 1348, 2007.
[13] American Jurisprudence, 61A Am. Jur. 2d Pleading § 758, 2007.
[14] *Id.*
[15] *See* Opposition Memorandum at 2, docket no. 19, filed May 21, 2007.
[16] *Id.* at 11.
[17] 29 U.S.C.A. §794(a).
[18] 29 U.S.C.A. §794 (b).

cited by Sanyer, the Rehab Act "imposes liability upon entities (or programs or activities) which receive federal assistance."[19]

The Rehab Act only imposes liability on a program or activity or entity which receives federal financial assistance. *Schrader* determined that the Rehab Act applied to that defendant, who as a sole proprietorship received federal assistance.[20] Whether an individual who is not an "entity" may be liable under the Rehab Act is not clear, and there is no clear Tenth Circuit authority.[21] The current record does not disclose whether Sanyer was the recipient of federal funds or played a role in deciding whether the University of Utah Department of Family and Preventative Medicine accepted federal funds. Defendant's Motion to Dismiss Sanyer should be denied until discovery can provide the necessary evidence to make this determination.

## RECOMMENDATION

IT IS RECOMMENDED that Partial Motion to Strike First Amended Complaint be denied.

IT IS FURTHER RECOMMENDED that Defendants' Motion to Dismiss the First, Second, and Fourth Causes of Action be GRANTED.

Dated: August 8th, 2007

_____
United States Magistrate Judge

---

[19] *Schrader v. Fred A. Ray, MD, P.C.*, 296 F.3d 968, 971 (10th Cir. 2002)(*citing* 29 U.S.C. §794).
[20] *Id.* at 973.
[21] *See Smith v. University of State of New York*, 1997 WL 800882 (W.D.N.Y. December 31, 1997), (dismissing claims under the rehab act against individuals only because there was no evidence that they were recipients of federal funding or that they played any role in deciding whether the university would accept federal funds).