IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER ROBINSON,<br><br>          Plaintiff,<br><br>     v.<br><br>UNIVERSITY OF UTAH DEPARTMENT OF FMAILY AND PREVENTATIVE MEDICINE, a public university; OSMAN SANYER, an individual; and DOES 1-10,<br><br>          Defendants. | MEMORANDUM AND DECISION- REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:06-cv-00981 DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

Plaintiff Christopher Robinson (Robinson) claimed that Defendants deprived him of his rights secured by the Americans With Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("Rehab Act").[1]  All claims except his third cause of action under the Rehab Act have been dismissed.[2]

Plaintiff has now failed to respond to a well-formed motion for summary judgment[3], even after notice from the court that permitted more time for a response.  Plaintiff was notified that "Under DUCivR7-1(d), 'Failure to respond timely to a motion may result in the court's granting the motion without further notice.'  The court will rule on the state of the record as of January

---

[1] *See* Amended Complaint at 1, docket no. 16, filed April 23, 2007.
[2] Order Affirming Report & Recommendation, docket no. 22, filed September 11, 2007.
[3] Docket no. 50, filed December 1, 2008.

30, 2009."[4]  Before that notice was given, Defendants' counsel notified Plaintiff that failure to response would result in the motion being granted.[5]

As set forth in Defendants' Memorandum in Support of Motion for Summary Judgment,[6] the facts they assert, without dispute in the record, demonstrate that Plaintiff is not disabled within the meaning of the Rehab Act which requires a showing that he is substantially limited in performing a major life activity.

> Plaintiff claims that he has a condition known as "expressive language disorder," which he alleges causes him to read slower and write slower than other individuals. Although Plaintiff might read slower and write slower than others, the record evidence shows that Plaintiff is neither unable to perform these tasks nor is he significantly restricted in performing these tasks.[7]

The facts asserted and legal arguments in the Memorandum in Support of Motion for Summary Judgment establish that Plaintiff has no claim.  Those factual assertions and legal arguments are unopposed.  Therefore,

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that Defendants' Motion for Summary Judgment be GRANTED.

Dated:  February 6, 2009.

_____
United States Magistrate Judge

---

[4] Docket no. 53, filed January 22, 2009.
[5] Letter from Timothy D. Evans to Dr. Christopher Robinson, January 12, 2008, attached as Exhibit 1 to Request to Submit for Decision, filed January 21, 2009, docket no. 52.
[6] Docket no. 51, filed December 1, 2008.
[7] *Id.*